USCA1 Opinion

 

 [NOT FOR PUBLICATION] United States Court of Appeals For the First Circuit ____________________ No. 96-1239 UNITED STATES, Appellee, v. JOHN P. GAGLIARDI, Defendant - Appellant. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Reginald C. Lindsay, U.S. District Judge] ___________________ ____________________ Before Torruella, Chief Judge, ___________ Bownes, Senior Circuit Judge, ____________________ and Lynch, Circuit Judge. _____________ _____________________ Michael C. Bourbeau, by appointment of the court, Victoria ____________________ ________ M. Bonilla and Bourbeau & Bourbeau, Bonilla, Tocchio & Floyd, LLP __________ __________________________________________________ on brief for appellant. Kevin P. McGrath, Assistant United States Attorney, and _________________ Donald K. Stern, United States Attorney, on brief for appellee. _______________ ____________________ June 25, 1997 ____________________ Per Curiam. Upon due consideration of the briefs of Per Curiam. __________ counsel and the record in this case, we affirm the district affirm ______ court's sentencing determination. Defendant-Appellant John Gagliardi ("Gagliardi") pled guilty on April 26, 1995 to six counts involving conspiracy to possess with intent to distribute marijuana, under 21 U.S.C.  846, possession with intent to distribute marijuana, under 21 U.S.C. 841(a), and liability for criminal forfeiture, under 21 U.S.C. 853. At his sentencing hearing, the government requested that Gagliardi's base offense level be reduced from 32, which the Presentencing Report ("PSR") recommended, to 30, pursuant to the plea agreement. The government also requested that a three-level enhancement be added for Gagliardi's role in the offense. That upward adjustment was made, and ultimately, his total offense level was determined to be 30,1 corresponding to a range under the Sentencing Guidelines of 97 to 121 months. The government recommended, and the sentencing court approved, a sentence of 97 months imprisonment. The court also denied a motion for downward departure. Gagliardi alleges two errors by the sentencing court: first, that he was improperly given a three-level upward adjustment pursuant to U.S.S.G. 3B1.1(b)2 for being a manager  ____________________ 1 Gagliardi received a three-level decrease in offense level pursuant to U.S.S.G. 3E1.1(b)(2) for timely acceptance of responsibility. 2 Sentencing Guideline 3B1.1(b) mandates a three-level increase if "the defendant was a manager or supervisor . . . and the criminal activity involved five or more participants or was -2- or supervisor in a criminal activity involving five or more participants; and second, that the sentencing court failed to consider facts relevant to his motion for a downward departure under U.S.S.G. 5K2.0 based on unusual family circumstances. Both allegations are without merit. Gagliardi appears to concede that four other men assisted in the storage and re-packaging of the marijuana which he had acquired, thereby satisfying the requirement of "five or more participants" -- when one counts Gagliardi himself as the fifth participant -- under U.S.S.G. 3B1.1. Moreover, there was ample factual support in the PSR for the district court's finding that Gagliardi was a "manager or supervisor."  Contrary to Gagliardi's insinuations on appeal, the fact that there were other persons who had greater managerial responsibilities does not render the section 3B1.1 enhancement inapplicable to him. See United States v. Goldberg, 105 F.3d ___ _____________ ________ 770, 777 (1st Cir. 1997) ("[A] defendant need not be at the top of a criminal scheme to be a manager or supervisor."). Indeed, the well-established standard for upward adjustments under section 3B1.1 requires only that there be "'evidence that a defendant, in committing the crime, exercised control over, or was otherwise responsible for overseeing the activities of, at least one other person.'" United States v. Voccola, 99 F.3d 37, _____________ _______ 44 (1st Cir. 1996) (quoting United States v. Savoie, 985 F.2d _____________ ______ 612, 616 (1st Cir. 1993)). The PSR confirms that this requirement  ____________________ otherwise extensive."  -3- was met. It states, for example, that Gagliardi directed a co- conspirator to bring large amounts of money he needed to purchase marijuana in Arizona, and that Gagliardi directed another co- conspirator to find a suitable location for storing and repackaging the marijuana that he had purchased. Furthermore, evidence related to role in the offense determinations may be probative "'by fair inference.'" See Voccola, 99 F.3d at 45 ___ _______ (quoting United States v. Tejada-Beltr n, 50 F.3d 105, 113 (1st _____________ ______________ Cir. 1995)). In this case, one can reasonably infer Gagliardi's supervisory control over those who were engaged in repackaging the marijuana at the storage location (an airplane hangar) from Gagliardi's responsibility for arranging the storage location, as well as from the fact that, after the four men were discovered in the hangar, they drove away and called Gagliardi. In sum, there is no basis for finding any error in the district court's role in the offense determination, clear or otherwise. Finally, there is no support in the record for Gagliardi's contention that the district court failed to consider, or prevented Gagliardi from producing, facts relevant to his motion for a downward departure on the basis of unusual family circumstances. On review of the record, it appears that the facts presented in Gagliardi's eleventh hour memorandum, which Gagliardi claims the district court improperly ignored, had already been substantially brought to the court's attention in a previous sentencing memorandum, in the PSR, as well as through defense counsel's statements at the sentencing hearing. We -4- further note that the district court did not abuse its discretion in determining that the facts regarding Gagliardi's family circumstances -- the most noteworthy of which are that Gagliardi's youngest daughter has an attention deficit disorder and that her mother is being treated for breast cancer -- are not of a kind so extraordinary as to warrant a downward departure. See U.S.S.G. 5H1.6 ("Family ties . . . are not ordinarily ___ relevant."); United States v. Rivera, 994 F.2d 942, (1st Cir. ______________ ______ 1993) (family circumstances do not ordinarily warrant downward departure); compare United States v. Sclamo, 997 F.2d 970, 972 _______ ______________ ______ (1st Cir. 1993) (affirming downward departure for defendant where psychologist concluded that defendant's stepson, who had been abused by his biological father, had unique relationship with defendant and needed defendant's presence to continue recovery); United States v. Johnson, 964 F.2d 124, 129 (2d Cir. 1992) ______________ _______ (affirming downward departure where defendant was sole caregiver to four very young children). Affirmed. Affirmed ________ -5-